IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LORI LYNN JEFFERIS, }
}
         Plaintiff, }
}
v. } CIVIL ACTION NO. H-03-0747
}
HTI, Inc., d/b/a }
HOU-TRA INTERNATIONAL, }
}
         Defendant. }

## OPINION ON JUDGMENT AS A MATTER OF LAW

Pending before the court are the Plaintiff, Lori Lynn Jefferis' (hereinafter "Jefferis")
Motion for Entry of Judgment Including a Reasonable Attorney's Fee (Docket Instrument No. 98),
Motion to Strike Defendant's Opposition to Plaintiff's Fee Application, or, Alternatively, To
Compel Production of Documents (Doc. 104), and Supplemental Motion for Attorney's Fees (Doc.
113), as well as the Defendant, HTI Inc., d/b/a Hou-Tra International's ("HouTra") Motion for
Judgment as a Matter of Law (Doc. 100), and all other supplemental responses to, motions in
opposition to, and memoranda in support of such motions.

In its order denying HouTra's Motion for Summary Judgment (Doc. 64), the court
allowed Ms Jefferis to bring to trial two claims involving material issues of fact, these being her
claim for discriminatory discharge (*Id*. at p. 23), and her hostile work environment claim (*Id*. at
p. 27). As evidenced by the jury's responses to the Interrogatories, Jefferis did not recover for her
claim of discharge due to discrimination.

**A.**         **Findings of the Jury**

**I.**         **Sex Was Not A Motivating Factor In Jefferis' Discharge**

In describing the elements for proof of discharge because of sex, the court instructed
the jury that Jefferis had to prove the following by a preponderance of the evidence:

    1.     Ms Jefferis was discharged by HouTra; and
    2.     Ms Jefferis' sex was a motivating factor in HouTra's decision to
           discharge Ms Jefferis. (Doc. 94, p. 6.)

The court further instructed the jury

> If you find that both of the elements on which Ms Jefferis has the burden of proof have been proved by a preponderance of the evidence, you should answer Special Interrogatory Number 4, "yes." If, on the other hand, Ms Jefferis has failed to prove either of these elements, you should answer Special Interrogatory Number 4, "no." (*Id*.)

Special Interrogatory Number 4, in turn, asked

> Was the motivation of sex, rather than any other factor, the reason that Lori Jefferis was discharged by HouTra? (Doc. 90, p. 5.)

After deliberation, the jury responded in the negative ("No") to this Interrogatory. Jefferis obliquely mentions in her Motion for Entry of Judgment that this interrogatory, "clearly indicated that the jury believed that sex was *a* motivating factor in plaintiff's termination." (Doc. 98, p. 1.)

The jury's answer rules out sex as ***the*** motivating factor for Jefferis' discharge, as the jury instructions clearly instructed the jury that in order to find for Jefferis on that question, they had to find that "Ms Jefferis' sex was a motivating factor in HouTra's decision to discharge Ms Jefferis." (Doc. 94, p. 6.) As stated by the Court of Appeals, an employer is not liable if a trier of fact finds that a plaintiff's treatment was the result of some legitimate factor "rather than any prohibited intent." *Williams v. Southwestern Bell Tel. Co.*, 718 F.2d 715, 718 (5th Cir. 1983). Hence, in light of the jury instruction and the applicable law, the jury's response clearly denotes that Jefferis did not persuade the jury that sex, rather than some other reason, was the reason for her discharge.[1]

## II. Whether Jefferis' Experienced Harassment in a Hostile and Abusive Work Environment

The only other claim left to Jefferis was one for a hostile or abusive work environment due to sexual harassment. With respect to Jefferis' claim for sexual harassment, the court instructed the jury that to prove such a claim, Jefferis had to prove by a preponderance of the evidence

---

[1] Additionally, the court would note that not only did Mr. Lopez, counsel for plaintiff, stipulate or agree to the sufficiency of this charge, but he expressly represented to the court that any idea of sex being the "sole factor" was specifically related to the question of discharge. [4-64:8-9]

First, that Ms Jefferis was subjected to a hostile or abusive work environment by sexually offensive acts or statements that were unwelcome and were sufficient to alter the conditions of her employment in a manner that a reasonable person would have found objectionable.

Second, that such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over Ms Jefferis;[2] and

Third, that Ms Jefferis suffered damages as a proximate result of such hostile or abusive work environment.  (Doc. 94, p. 6.)

Furthermore, the parties stipulated to Jefferis' additional statement to the jury that

The applicable federal law does not permit an employee to be treated adversely because her appearance or conduct does not conform to stereotypical gender roles of how a woman should appear or act.  (Doc. 94, p. 6.)

In Special Interrogatory Number 1, the jury was asked

Was Lori Lynn Jefferis subjected to Sexual Harassment by HouTra?  (Doc. 90, p. 2.)

The jury responded in the affirmative ("Yes").  Whereupon, the jury was asked to proceed to "Question No. 2." (*Id*.)  Special Interrogatory Number 2 asked

Did the sexual harassment of Lori Jefferis culminate in Ms Jefferis' discharge? (*Id*. at p. 3.)

To which the jury responded in the negative, "No," whereupon the jury was instructed to proceed to Question No. 3 (*Id*.), which involved questions concerning the affirmative defenses available to HouTra under the supervisor standard when no adverse employment action had occurred.  The court had charged the jury regarding such defenses.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the plaintiff employee, the defendant employer is responsible under the law for such behavior and the resulting work environment.  (Doc. 94, p. 5.)

If you find there was a hostile or abusive work environment that culminated in Ms Jefferis' discharge, there is no affirmative defense available to the defendant employer.  Only if you find both that there was a hostile or abusive work environment and that such work environment was not a contributing factor to Ms Jefferis' discharge need you consider the affirmative defense raised by HouTra. (Doc. 94, p. 5.)

With respect to HouTra's affirmative defense, the court charged that HouTra was responsible for proving each of the following facts by a preponderance of the evidence:

---

[2]The parties stipulated to these instructions which follow the supervisor harassment standard pursuant to *Burlington* and *Faragher*, and not the traditional standard which applies to harassment from a co-worker.

First, that HouTra exercised reasonable care to prevent any sexually harassing behavior in the workplace; and Second, that Ms Jefferis unreasonably failed to take advantage of the preventive or corrective opportunities provided by HouTra to avoid or correct harm or that, if Ms Jefferis did take advantage of preventive or corrective opportunities, HouTra responded by taking reasonable and prompt corrective action.  (Doc. 94, p. 5.)

The Interrogatory corresponding to these defenses, Special Interrogatory Number 3, asked

Do you find from a preponderance of the evidence that HouTra, established and enforced a policy to prevent or correct sexual harassment?  (Doc. 90, p. 4.)

The jury denied HouTra's affirmative defense by responding to Special Interrogatory Number 3 in the negative ("No"), such that the jury was not required to answer the second presented question, whether Lori Jefferis failed to take advantage of the preventive or corrective opportunities provided.

Because the jury had found HouTra liable for sexual harassment, they were instructed by Special Interrogatory No. 4 to proceed to Question No. 5.  (Doc. 90, p. 5.)  Special Interrogatory No. 5 involved the assessment of damages, and asked

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Lori Lynn Jeferis for her damages, if any, proximately cause by HouTra?

"Proximate cause" means that cause which, in a natural continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom.

There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.
Answer in dollars and cents for damages, if any.  Do not add any amount for interest on damages, if any.

To which queries, the Jury responded as follows:

Lost pay and benefits:            0
Loss of professional reputation:  9,000
Emotional distress in the past:   50,000
Emotional distress in the future: 0
Loss of the enjoyment of life:    10,000
(Doc. 90, p. 6.)

The jury did not award punitive damages under Special Interrogatory Number 6.  (Doc. 90, p. 7.)


**B.**          **Arguments of Counsel on the Award of Judgment**

Hou-Tra raises several arguments in support of its Response in Opposition to Jefferis' Motion for Entry of Judgment.  First, Hou-Tra argues Jefferis' *prima facie* case of hostile

work environment fails because sexual orientation does not constitute a protected class.  (Doc. 99, p. 2.)  The derogatory comments made toward Jefferis solely as a woman and not a lesbian, Hou-Tra asserts, were isolated and *not* severe and pervasive.  (*Id*. at 2-3.)  Hou-Tra further argues that in finding sexual harassment was *not* the reason for Jefferis' discharge, the jury also implicitly found any harassment was not severe and pervasive, and furthermore, the evidence itself did not substantiate harassment severe enough to affect a term, condition or privilege of employment.  (*Id*. at 3.)

With respect to the monetary award by the jury for loss of professional reputation, Hou-Tra argues, in the alternative, that if Jefferis were to be awarded damages, she had no reputation to speak of in the field of air-conditioning prior to her employ by Hou-Tra, and she had no sufficient evidence to support such a finding of loss of reputation, providing only witnesses' positive opinion of her work.  (*Id*. at 7.)  Additionally, Jefferis cannot recover pre-judgment interest, argues Hou-Tra, since such interest is included as an element of back pay and Jefferis was not awarded back pay.  (*Id*. at p. 8.)

## C.        **Judgment As A Matter Of Law**

Jefferis argues that HouTra has waived its challenge to the sufficiency of the evidence by failing to move for directed verdict[3] at the close of all the evidence, none of the factors excusing waiver being present, and, additionally, because any partially made motion for judgment as a matter of law was itself flawed, for it did not "specify...the law and the facts on which the moving party is entitled to judgment."  (Doc. 98, p. 3; citing Fed. R. Civ. P. 50(a)(2)).  HouTra has responded that technical non-compliance with Rule 50(b) has been excused when the deviation is *de minimis*.

Procedurally, Hou-Tra argues that it did not waive its right to judgment as a matter of law when it failed to renew its motion for a directed verdict at the close of all the evidence because the court and Jefferis were put on notice that Jefferis' proof was lacking when Hou-Tra moved for judgment at the close of Jefferis' case.  (Doc. 99, p. 6.)

---

[3]Under Fed. R. Civ. P. 50, the terms "judgment notwithstanding the verdict" and "directed verdict" have been replaced by "judgment as a matter of law."  *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, n.11 (5th Cir. 1999).

Under Federal Rule of Civil Procedure 50(a), if a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue," the court may grant a motion for judgment as a matter of law against that party with respect to the claim or defense that cannot under the controlling law be maintained. *See* Fed. R. Civ. P. 50(a)(1)-(2). "If for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

"[I]t is well established that a party waives the right to challenge the sufficiency of the evidence with a JNOV unless a motion for directed verdict is *made* or *renewed* at the close of all the evidence." *Alcatel USA, Inc., v. DGI Technologies, Inc.*, 166 F.3d 772, 780 (5th Cir. 1999) (citing *McCann v. Texas City Ref., Inc.*, 984 F.2d 667, 671 (5th Cir. 1993)). "A litigant who has moved for a directed verdict at some point prior to the conclusion of trial, but failed to renew the motion at the close of all the evidence, is thus held to have waived the right to move for *judgment non obstante verdicto*. *Bohrer v. Hanes Corp.*, 715 F.2d 213, 216 (5th Cir. 1983) (citing cases).

In the past, the Fifth Circuit Court of Appeals, acting with a 'liberal spirit' has been willing to excuse certain "*de minimis*" departures from technical noncompliance with Rule 50(b). *McCann*, 984 F.2d at 671 (citing cases). "Whether technical noncompliance with Rule 50(b) precludes a challenge to the sufficiency of the evidence on appeal 'should be examined in the light of the accomplishments of its particular purposes as well as in the general context of securing a fair trial for all concerned in the quest for truth.'" *Alcatel USA, Inc.*, 166 F.3d at 780 (citing *McArthur v. University of Texas Health Ctr.*, 45 F.3d 890, 896 (5th Cir. 1995)). The two purposes the Court of Appeals has repeatedly emphasized are: "to enable the trial court to re-examine the question of evidentiary insufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury, thereby affording it an opportunity to cure any defects in proof should the motion have merit." *Bohrer*, 715 F.2d at 216; *See also Polanco v. City of Austin*, 78 F.3d 968, 974 (5th Cir. 1996) (citing *MacArthur*, 45 F.3d at 897)). "This generally requires (1) that the defendant made a motion for judgment as a matter of law at the close of the plaintiff's case and that the district court either

refused to rule or took the motion under advisement, and (2) an evaluation of whether the motion sufficiently alerted the court and opposing party to the sufficiency issue. *Id*. at 975.

Factors which have led the Court of Appeals to deem a technical violation of Rule 50(b) "*de minimis*" include, inter alia, "(1) the trial court's having reserved a ruling on an earlier motion for JML made at the close of plaintiff's evidence; (2) the defendant's calling no more than two witnesses before closing; (3) the elapse of only a small amount of time between the motion for a JML and the conclusion of all the evidence; and (4) the plaintiff's introducing no rebuttal evidence." *Alcatel*, 166 F.3d at 781 (technical noncompliance excused when plaintiff moved for JML on a Friday at close of defendant's evidence, court reserved ruling, plaintiff called one more witness, the parties had a weekend and a federal holiday off, only two other witnesses were called; defendant did not further shore up its case, and district court dismissed claim at issue nine months later); *See also Polanco*, 78 F.3d at 975 (district court took matter under advisement, and though defendant presented thirteen more witnesses and failed to renew its motion at the close of the case, plaintiff presented no rebuttal though it was on notice of insufficiency due to initial motion); *MacArthur*, 45 F.3d at 897 (though motion at close of evidence was denied, appellate court allowed review for sufficiency of the evidence and forgave technical noncompliance because earlier motion made by defendant at the close of plaintiff's case had been expressly reserved by the court, and plaintiff had failed to put on further evidence to support her claim at that time, though she was on notice the motion was pending); *Davis v. First Nat'l Bank of Killeen*, 976 F.2d 944, 948-49 (5th Cir. 1992) (a very short lapse of time with few additional witnesses, if any, between the making of the motion for directed verdict, on which the court reserved ruling, and the close of all the evidence, which lapse was sufficient to excuse noncompliance); *Merwine v. Bd. of Trustees for State Institutions of Higher Learning*, 754 F.2d 631, 635 (5th Cir. 1985) (motion made at close of plaintiff's case, court overruled or denied motion "at this time" but expressed further interest in defendants' development of the evidence, motion renewed toward end of trial, defense called only two witnesses, and no rebuttal offered by plaintiff); *Bohrer*, 715 F.2d at 217 (court reserved ruling on defendant's motion filed at end of plaintiff's case but expressed misgivings about plaintiff's case and urged defendants to reurge their motion, defendant proceeded to introduce substantial evidence, plaintiff offered no rebuttal; defendant failed to move for j.n.o.v. at the end of all evidence).

Furthermore, in a situation where the court flatly denied a defendant's motion for directed verdict at the close of plaintiff's case, whereupon defendant proceeded to introduce numerous witnesses after the close of the plaintiff's case, but defendant neglected to renew his motion at the close of *all* the evidence, the court did not excuse the technical noncompliance, characterizing this as a "complete failure" to follow the requirements of Rule 50(b). *McCann*, 984 F.2d at 672.

At the close of the Plaintiff, Jefferis' case, HouTra moved for directed verdict and the court expressly denied such motion without further comment.

| | |
|---|---|
| Court: | Ms Finch, did you have a motion? |
| Ms Finch: | Yes, Your Honor. Defendant moves for directed verdict |
| Court: | Motion denied. [2-85:14-17] |

At the close of Defendant, HouTra's case, counsel for HouTra did not reurge her motion for judgment as a matter of law.

| | |
|---|---|
| Ms Finch: | Pass the witness |
| Mr. Lopez: | Nothing further your honor. |
| The Witness: | Thank you. |
| Ms Finch: | Defendant rests, Your Honor. |
| Court: | All right. [3-123:3-8] |

At the end of the testimony of Plaintiff's rebuttal witness, Bobbie Waters, whom Jefferis had called after the end of Defendant's case, HouTra did not reurge any motion

| | |
|---|---|
| Mr. Lopez: | The plaintiff closes. |
| Court: | All right. Ladies and gentlemen, you've now heard all the evidence that you are going to hear in this case. [3-139:19-22] |

After the jury had delivered its verdict, the following exchange ensued

| | |
|---|---|
| Court: | Please be seated ladies and gentlemen. I just signed an order that reads: The parties shall withdraw from the clerk the evidence and shall maintain it for purposes of appeal. |
| Mr. Lopez: | Your Honor, we will be submitting a motion for entry of judgment and out application for attorney's fees. May we have 10 days for that? |
| Court: | Yes, you may, certainly. |
| Mr. Lopez: | Thank you. |
| Ms Finch: | And we will be submitting a motion for judgment notwithstanding the verdict. |
| Court: | All right. Thank you. [4-73:1-9] |

Therefore, because HouTra's motion was denied and not reserved, because HouTra submitted substantial additional evidence including seven (7) witnesses spanning two days of

testimony, and because HouTra failed to renew its motion until after the verdict, HouTra's motion must be denied even under the Court of Appeals' liberal standards.

Furthermore, the court will not bar Plaintiff, Jefferis' recovery of reputational damages at this stage because the Defendant did not object to the issue being submitted to the jury. (*See* Doc. 105, p. 5.)

Finally, with respect to prejudgment interest, the Fifth Circuit Court of Appeals has stated

> Prejudgment interest should apply to all past injuries, including past emotional injuries. Courts should award prejudgment interest whenever a certain sum is involved. Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole. *Thomas v. Tex. Dep't of Crim. Justice*, 297 F.3d 361, 372 (5th Cir. 2002) (*citing United States v. Batson*, 782 F.2d 1307, 1316 (5th Cir. 1986)).

However, the Court of Appeals has consistently refused to award prejudgment interest on future harms or harms that have yet to occur such as future suffering. *Id*. at 372-73. In the instant action, of the monies recovered by Jefferis, loss of professional reputation, emotional distress in the past, and loss of the enjoyment of life, related to past harms, hence an appropriate amount of prejudgment interest is applicable. Plaintiff asserts there is no federal statutory rate universally applicable to prejudgment interest. *See Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993). As this is not a diversity case, where the court would apply an applicable state rate, Plaintiff proposes the adjusted prime rate is a reasonable indicator of the value of the use of money, there being no federal statutory rate. *See E.E.O.C. v. O'Grady*, 857 F.2d 383, 392 (7th Cir. 1988).

Accordingly, Plaintiff asserts that, taking a proposed rate of 4.80% for December 2001 and a rate of 5.60% for July 2002, prejudgment interest compounded annually, a prejudgment interest award on $60,000.00 amounts to $2,880.00 as of December 2002, $3,018.24 as of December 2003, and $3,163.12 as of December 2004. Furthermore, taking the same proposed rates awarded on $9,000.00, prejudgment interest compounded annually yields $504.00 as of July 2003, $532.22 as of July 2004, and $281.01 as of December 2004. (Doc. 98, p. 5.) Furthermore, Plaintiff asserts that as of May 1, 2005, the prejudgment interest increases the $60,000.00 damages to $70,230.35, with an additional $9.24 per day for each day thereafter, and the $9,000.00 damages

increase to $10,509.82 as of May 1, 2005, with an additional $1.38 per day for each day thereafter. (Doc. 113, p. 4.)

**D.**        **Attorneys' Fees**

On December 1, 2004, counsel for Plaintiff, David T. Lopez, requested what he deemed a reasonable attorney's fee of $224,957.25 (Doc. 98, p. 8), which sum Defendant opposed in its response to Plaintiff's motion for entry of judgment. (Doc. 99, pp. 2-8.)   Since this request for fees, the subject of Plaintiff's counsel's attorneys' fees have become the subject of heated contention, as Defendant's counsel first submitted that the hourly rates of its own attorneys was lower than that of Plaintiff's counsel. (*Id*. at p. 10.)  Defendant's counsel subsequently altered its position to the extent they admitted the total amount of hours spent by the parties "were approximately the same."  (Doc. 103, p. 2.)  On Jauary 4, 2005, Plaintiff filed a Motion to Strike Defendant's Opposition to Plaintiff's Fee Application, or Alternatively, to Compel Production of Documents, wherein Plaintiff argued that it was unfair for Defendant to refuse to disclose any information with respect to the time, services, and fees of its counsel while attacking the fees of Plaintiff's counsel. (Doc. 104.)  In the alternative to striking Defendant's opposition to Plaintiff's request for fees, Plaintiff sought the production of Defendant's counsel's billing records. (*Id*. at p. 7.)  The Fifth Circuit has suggested in *dictum* that the time and fees of the defendant are not material to the plaintiff's application for fees. *See Migis v. Pearle Vision*, 135 F.3d 1041, 1064 (5th Cir. 1998) (Barksdale, C.J., concurring in part and dissenting in part) (*citing Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 731 (7 th Cir.), *cert denied*, 439 U.S. 1039 (1978) ("[t]he amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which [plaintiff's attorney] has provided to his clients in a given case.")).

The court has determined that the amount of attorney's fees to be awarded to Plaintiff will need to be determined at a hearing on this issue.  Therefore, Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Fee Application, or Alternatively, to Compel Production of Documents (Doc. 104) will be DENIED to the extent that Defendant's objections to the fees asserted by Plaintiff will not be stricken, and such motion will be DENIED, as the court will attempt to allocate the appropriate, reasonable attorneys' fee for plaintiff's counsel without

delving into the details of Defendant's counsel's billing records.  If the court finds that reference to such material is necessary, it will reconsider the matter.

Accordingly, it is hereby

ORDERED that Lori Lynn Jefferis' Motion for Entry of Judgment Including a Reasonable Attorney's Fee (Docket Instrument No. 98) is GRANTED, and Defendant, HTI Inc., d/b/a Hou-Tra International's Motion for Judgment as a Matter of Law (Doc. 100) is DENIED; it is further

ORDERED that based upon the jury's verdict of $9,000.00 for loss of professional reputation, $50,000.00 for emotional distress in the past, and $10,000.00 for loss of the enjoyment of life, as of today's date, she may recover $71,634.83, a figure inclusive of prejudgment interest, for emotional distress in the past and loss of enjoyment of life, and she may recover $10,719.58 for past loss to professional reputation; in addition she may recover post judgment interest at the federal applicable rate of 3.88%; it is further

ORDERED that Plaintiff shall recover her attorney's fees and costs of action.  The amount of attorney's  fees will be determined after a hearing,  and, it is further

ORDERED that Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Fee Application, or, Alternatively, To Compel Production of Documents (Doc. 104) is DENIED.

SIGNED at Houston, Texas, this 30th  day of September, 2005.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE